IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Leneuoti Fiafia TUAUA, Va'aleama Tovia FOSI, Taffy-Lei T. MAENE, Emy Fiatala AFALAVA, and SAMOAN FEDERATION OF AMERICA, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 12-1143-RJL |
| v. | ) ) | |
| UNITED STATES OF AMERICA, U.S. DEPARTMENT OF STATE, Hillary Rodham Clinton and Janice L. Jacobs, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| AMERICAN SAMOA GOVERNMENT, | ) ) | |
| Proposed Intervenor. _____ | ) ) | |

AMERICAN SAMOA GOVERNMENT'S MOTION TO INTERVENE

The American Samoa Government ("ASG"), through counsel, files this Motion to Intervene pursuant to Fed. R. Civ. P. 24 in the above captioned case. This Motion is based on the papers and pleadings on file with the Court and the supporting memorandum of points and authorities.

Pursuant to Local Rule 7(m), ASG contacted Plaintiffs' counsel Charles Ala'ilima to confer on this Motion via telephone. Mr. Ala'ilima stated that Plaintiffs were opposed to ASG intervening in this action. ASG also attempted to confer with Plaintiffs' co-counsel Neil Weare on the Motion, but Mr. Weare had not responded to ASG's request to confer at the time this Motion was filed.

ASG complied with Local Rule 7(m) in conferring with Plaintiffs' counsel and the Motion is opposed.

Dated: June 25, 2013                     Respectfully submitted,


/s/ Frank S. Swain
Frank S. Swain (Bar No. 427792)
Faegre Baker Daniels LLP
1050 K Street NW, Suite 400
Washington, DC 20001, USA
Tel: (202) 312-7416
Frank.Swain@faegrebd.com


Afoa L. Su'esu'e Lutu *(pro hac vice to be filed)*
Attorney General of American Samoa
Eleasalo V. Ale *(pro hac vice to be filed)*
Deputy Attorney General of American Samoa
Office of the Attorney General of American Samoa
P.O. Box 7
Pago Pago, AS 96799
Tel: (684) 633-4163
Fax: (684) 633-1838
afoa.lutu@la.as.gov
eleasaloale@gmail.com

*Counsel for American Samoa Government*

# CERTIFICATE OF SERVICE

I certify that the foregoing AMERICAN SAMOA GOVERNMENT'S MOTION TO INTERVENE and its accompanying MEMORANDUM OR POINTS AND AUTHORITIES and EXHIBIT were served on the following counsel via email on June 25, 2013:

Judith E. Schaeffer
Elizabeth B. Wydra
Neil C. Weare
Constitutional Accountability Center
1200 18th Street NW, Suite 501
Washington, D.C. 20036
Judith@theusconstitution.com
Elizabeth@theusconstitution.com
Neil@theusconstitution.com

Elizabeth M. Locke
Michael F. Williams
Kirkland & Ellis LLP
655 15th Street NW
Washington, D.C. 20005
elocke@kirkland.com
mwilliams@kirkland.com

Robert J. Katerberg
Murad Hussain
Arnold & Porter LLP
555 12th Street NW
Washington, D.C. 20004
Robert.Katerberg@aporter.com
Murad.Hussain@aporter.com

Wynne P. Kelly
Assistant United States Attorney
555 4th Street NW
Washington, D.C. 20530
Wynne.kelly@usdoj.gov

Charles Ala'ilima
Law Office of Charles V. Ala'ilima
P.O. Box 1118
Nu'uuli, AS 96799
cvlaw@msn.com

I certify that the foregoing AMERICAN SAMOA GOVERNMENT'S MOTION TO INTERVENE and its accompanying MEMORANDUM OR POINTS AND AUTHORITIES and EXHIBIT were served via first class mail on June 25, 2013 to:

Victor E. Salazar
Office of Congressman Faleomavaega
U.S. House of Representatives
2422 Rayburn Office Building
Washington, D.C. 20515

/s/ Frank S. Swain_____
Frank S. Swain

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Leneuoti Fiafia TUAUA, Va'aleama Tovia FOSI, Taffy-Lei T. MAENE, Emy Fiatala AFALAVA, and SAMOAN FEDERATION OF AMERICA, INC., <br><br>             Plaintiffs, <br><br>   v. <br><br> UNITED STATES OF AMERICA, U.S. DEPARTMENT OF STATE, Hillary Rodham Clinton and Janice L. Jacobs, <br><br>             Defendants, <br><br>   and <br><br> AMERICAN SAMOA GOVERNMENT, <br><br>             Proposed Intervenor. <br> _____ | CIVIL ACTION NO. 12-1143-RJL |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMERICAN SAMOA GOVERNMENT'S MOTION TO INTERVENE

I.  THE COURT MUST ALLOW AMERICAN SAMOA GOVERNMENT ("ASG") TO INTERVENE BECAUSE ASG MEETS THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT UNDER RULE 24.

The Court must allow ASG to intervene as it meets the requirements for intervention as of right. Fed. R. Civ. P. 24(a)(2) requires a district court to permit anyone to intervene in an action where the individual "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

impair or impede the movant's ability to protect its interest, unless existing parties represent that interest."

In order to intervene, the movant must demonstrate that: (1) it has filed a timely motion; (2) it has a protectable interest in the action; (3) the disposition of the action may impair or impede its ability to protect that interest; and (4) the movant's interest is inadequately represented by the parties in the action. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003); *Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011). ASG meets each of these requirements and must be allowed to intervene.

    a. Timeliness

ASG has sought intervention in a timely manner. ASG's Motion is being made prior to any party filing its answer in this case, any substantive motions being decided or any discovery taking place. Additionally, ASG intends to participate in this case on the same schedule as the current parties. Accordingly, no party will suffer prejudice by allowing ASG to intervene at this time and the Motion is timely.

    b. ASG Should be Allowed to Intervene Because it Has a Protectable Interest Which May be Impaired by the Court's Ruling in this Case

ASG is the governing body of American Samoa and represents the interests of its residents, including U.S. Nationals born in American Samoa. ASG and its citizens undoubtedly have an interest in the outcome of this case because the Court's ruling will greatly affect the governing laws and culture of the island territory.

ASG and its citizens have long sought to protect the culture of American Samoa and have enacted laws to support this effort. For example, because land in American Samoa is so intimately tied to the cultural identity of American Samoans, the American Samoan Legislature

enacted laws prohibiting the alienation of any communal land without written approval by the Governor of American Samoa.  See A.S.C.A. § 37.204(a); *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Hodel*, 830 F.2d 374, 377 (D.C. Cir. 1987) (communal land ownership "is the cornerstone of the traditional Samoan way of life").  The American Samoa Code Annotated also prohibits alienation of land to any person "who has less than one-half native blood."  A.S.C.A. § 37.204(b).

Additionally, laws have been enacted to ensure that the Samoan culture is effectuated throughout ASG and its departments.  Indeed, the Revised Constitution of American Samoa requires any member of the Senate of American Samoa to be "a registered matai of a Samoan family who fulfills his obligations as required by Samoan custom…"  *See* Rev. Const. of Am. Samoa, Art. I, § 3 (identifying the requirements to serve as a member of the Senate of American Samoa).  Similarly, the Village Council, governing local village affairs, is headed by a village chief selected "from the ranks of chiefs resident in each village…"  A.S.C.A. § 5.0301(b).

Each of these laws is essential to the cultural identity of American Samoa and its citizens.  If the Court finds that the Fourteenth Amendment applies universally in American Samoa, these laws, which arguably make distinctions between people according to their heritage, may be held to a higher level of scrutiny or even invalidated. *See Palmore v. Sidoti*, 466 U.S. 429, 432 (1984).  This in turn would cause drastic effects to ASG's ability to govern the territory and protect the Samoan culture in American Samoan.  *Hodel*, 839 F.2d at 377 (loss of communal land ownership "would ultimately destroy [Samoan] society").  For these reason, ASG has a strong interest in the outcome of this case which could be impaired by the Court's decision and, therefore, should be allowed to intervene.

    c.   Adequacy of Representation

ASG's interest is inadequately represented by the current parties in this case. The required demonstration that the current parties do not adequately represent the interests of an intervenor is minimal. *See e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003). In fact the movant "ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation" for the movant. *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285 (D.C. Cir. 1980) (quoting 7A C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1990, at 524 (1972).

Here, the Defendants include the government of the United States, Hillary Rodham Clinton and Janice L. Jacobs. None of the named Defendants are U.S. Nationals, born in American Samoa, nor have a particularized interest in protecting Samoan culture. Moreover, none of the Defendants are in danger of having their governing laws or culture diminished by an adverse ruling as ASG and American Samoans do. Conversely, Plaintiffs are the parties endorsing this harm. Therefore, under *American Tel. & Tel. Co.*, ASG has clearly established it is inadequately represented by the current parties and the Court should grant ASG's Motion.

II. IN THE ALTERNATIVE, ASG SHOULD BE PERMITTED TO INTERVENE PURSUANT TO RULE 24(b).

Rule 24(b)(1)(B) permits this Court to grant intervention where the potential intervenor "has a claim or defense that shares with the main action a common question of law or fact." Here, ASG is seeking to defend its interest against the potential harm to American Samoan culture and legal system that would result if the Plaintiffs are successful in redefining their national status.

The common question of law in both the Complaint and movant's defense is whether being born in American Samoa, an unincorporated, unorganized territory of the United States,

4

automatically grants citizenship to an individual, including all the protections of the U.S. Constitution. *See, generally*, Complaint. Moreover, Rule 24(b)(3) requires this Court to consider whether "the intervention will unduly delay or prejudice the adjudication of the original parties' action…" As stated, there have been no decisions on substantive motions and no discovery conducted in this case, and ASG is willing to adhere to any current scheduling orders issued by the Court. Consequently, there can be no finding of delay or prejudice.

Finally, ASG's proposed joinder to Defendants' motion to dismiss accompanies this motion as an exhibit as required by Rule 24(c) and can be considered with the papers and arguments submitted by the current parties (Exhibit). *New Century Bank v. Open Solutions, Inc.*, 2011 WL 1666926, *3 (E.D. Pa. May 2, 2011) (citing authorities); *Danner Constr. Co. v. Hillsborough County*, 2009 WL 2525486, *2 (M.D. Fla. Aug. 17, 2009) (ruling that a motion to dismiss suffices under Rule 24(c), and rejecting an overly strict interpretation of that rule).

   III.   CONCLUSION

Because ASG has a protectable interest in the outcome of the case, is inadequately represented by the current parties and fulfills the other requirements of Rule 24. Accordingly, the Court should allow ASG to intervene.


Dated: June 25, 2013                    Respectfully submitted,


                                        /s/ Frank S. Swain_____
                                        Frank S. Swain (Bar No. 427792)
                                        Faegre Baker Daniels LLP
                                        1050 K Street NW, Suite 400
                                        Washington, DC 20001, USA
                                        Tel: (202) 312-7416
                                        Frank.Swain@faegrebd.com

        Afoa L. Su'esu'e Lutu *(pro hac vice to be filed)*
        Attorney General of American Samoa
        Eleasalo V. Ale *(pro hac vice to be filed)*
        Deputy Attorney General of American Samoa
        Office of the Attorney General of American Samoa
        P.O. Box 7
        Pago Pago, AS 96799
        Tel: (684) 633-4163
        Fax: (684) 633-1838
        afoa.lutu@la.as.gov
        eleasaloale@gmail.com

        *Counsel for American Samoa Government*

**EXHIBIT**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Leneuoti Fiafia TUAUA, Va'aleama Tovia FOSI, Taffy-Lei T. MAENE, Emy Fiatala AFALAVA, and SAMOAN FEDERATION OF AMERICA, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF STATE, Hillary Rodham Clinton and Janice L. Jacobs,<br><br>    Defendants,<br><br>  and<br><br>AMERICAN SAMOA GOVERNMENT,<br><br>    Intervenor. | CIVIL NO. 12-1143-RJL |

<u>AMERICAN SAMOA GOVERNMENT'S JOINDER TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

    Intervenor American Samoa Government, through counsel, joins Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF 9) pursuant to Fed. R. Civ. P. 12(b)(1), (6).

Dated: June 25, 2013        Respectfully submitted,

                                        /s/ Frank S. Swain_____
                                        Frank S. Swain (Bar No. 427792)
                                        Faegre Baker Daniels LLP
                                        1050 K Street NW, Suite 400
                                        Washington, DC 20001, USA
                                        Tel: (202) 312-7416
                                        Frank.Swain@faegrebd.com

Afoa L. Su'esu'e Lutu *(pro hac vice to be filed)*
Attorney General of American Samoa
Eleasalo V. Ale *(pro hac vice to be filed)*
Deputy Attorney General of American Samoa
Office of the Attorney General of American Samoa
P.O. Box 7
Pago Pago, AS 96799
Tel: (684) 633-4163
Fax: (684) 633-1838
afoa.lutu@la.as.gov
eleasaloale@gmail.com

*Counsel for American Samoa Government*